IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SUNIVERSE, LLC, §
 §
        Plaintiff, §
 §
v. §
 §
WASHINGTON MUTUAL BANK; §
JPMORGAN CHASE, as Successor in §
Interest to WASHINGTON MUTUAL § CIVIL ACTION NO. H-19-3768
BANK, F.A.; CITIBANK, N.A., as §
TRUSTEE, IN TRUST FOR §
REGISTERED HOLDERS OF WAMU §
ASSET-BACKED CERTIFICATES WAMU §
SERIES 2007-HE2 TRUST; SELECT §
PORTFOLIO SERVICING, INC.; and §
GIOVANNY LAGUAN, §
 §
        Defendants. §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Suniverse, LLC ("Plaintiff"), sued defendants CitiBank, N.A., as Trustee ("CitiBank") and Select Portfolio Servicing, Inc. ("SPS") (collectively "Defendants") in the 240th Judicial District Court of Fort Bend County, Texas, to contest a foreclosure.[1] Defendants timely removed the action to this court.[2] Pending before the court is Plaintiff's Application for Emergency Ex Parte Temporary Restraining Order and Request for Hearing on

---

[1] See Plaintiff's Original Petition, Exhibit C-1 to Defendants' Notice of Removal, Docket Entry No. 1-4, pp. 1, 7-12. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2] See Defendants' Notice of Removal, Docket Entry No. 1.

Preliminary Injunction ("Plaintiff's Motion") (Docket Entry No. 17). For the reasons stated below, Plaintiff's Motion will be granted in part and denied in part.

## I. Factual and Procedural Background

Hilary and Kimberly Lloyd purchased real property known as 538 Longview Drive, Sugar Land, Texas 77478 ("the Property"), on January 9, 2004.[3] On January 19, 2007, the Lloyds obtained a $308,000.00 home equity mortgage loan secured by a Deed of Trust on the Property from Washington Mutual.[4] CitiBank and SPS are the current mortgagee and servicer of the Lloyds' mortgage.[5] On June 25, 2018, the Lloyds conveyed the property to Suniverse.[6] The parties dispute whether the Property is still subject to a lien under the mortgage.

The Property has been noticed for foreclosure sale by its mortgagee nine times.[7] After the eighth notice of sale for

---

[3]Plaintiff's First Amended Complaint ("Plaintiff's Amended Complaint"), Docket Entry No. 7, p. 4 ¶ 12.

[4]Id. ¶ 11; see Texas Home Equity Security Instrument ("Deed of Trust"), Exhibit 2 to Plaintiff's Motion, Docket Entry No. 17-2.

[5]Plaintiff's Amended Complaint, Docket Entry No. 7, p. 2 ¶¶ 2-5.

[6]Id. at 5 ¶ 14.

[7]Id. ¶ 15; Notice of Acceleration and Posting Dated January 13, 2020, Exhibit 1 to Defendants' Opposition to Plaintiff's Application for Ex Parte Temporary Restraining Order and Temporary Injunction ("Defendants' Response"), Docket Entry No. 18-1, p. 1.

October 1, 2019, Plaintiff brought this action in state court on September 20, 2019, seeking injunctive and declaratory relief to prevent the foreclosure, to quiet title, and assert a right of redemption.[8] On September 23, 2019, Plaintiff obtained an ex parte temporary restraining order against the sale, which expired on October 7, 2019.[9] Defendants removed the action to this court on the basis of diversity jurisdiction on October 1, 2019.[10] On January 13, 2020, while the action was pending and after the temporary restraining order expired, SPS gave notice of acceleration and a foreclosure sale on February 4, 2020.[11] Plaintiff filed its ex parte motion to stay the foreclosure sale on January 27, 2020.[12] Defendants responded to the motion on January 29, 2020,[13] and Plaintiff replied on January 29, 2020.[14]

---

[8]Plaintiff's Original Petition, Exhibit C-1 to Defendants' Notice of Removal, Docket Entry No. 1-4, pp. 7-12.

[9]Ex Parte Temporary Restraining Order Halting Substitute Trustee Foreclosure Sale, Exhibit C-2 to Defendants' Notice of Removal, Docket Entry No. 1-5, pp. 2-3.

[10]Defendants' Notice of Removal, Docket Entry No. 1, pp. 1, 3.

[11]Notice of Acceleration and Posting, dated January 13, 2020, Exhibit 1 to Defendants' Opposition to Plaintiff's Application for Ex Parte Temporary Restraining Order and Temporary Injunction ("Defendants' Response"), Docket Entry No. 18-1, p. 2.

[12]Plaintiff's Motion, Docket Entry No. 17.

[13]Defendants' Response, Docket Entry No. 18.

[14]Plaintiff's Reply in Support of Its Application for Emergency Ex Parte Temporary Restraining Order ("Plaintiff's Reply"), Docket Entry No. 19.

## II. Analysis

Although Plaintiff seeks a temporary restraining order, when the opposing party has received notice of the application for a temporary restraining order the procedure does not differ functionally from a motion for preliminary injunction. Dilworth v. Riner, 343 F.2d 226, 239 (5th Cir. 1965); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2951 (3d ed. 2013). The court will therefore treat Plaintiff's Motion as an application for a preliminary injunction under Federal Rule of Civil Procedure 65(a). The court need not hold a hearing to decide the application because the relevant facts are not in dispute. See Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009).

To establish entitlement to preliminary injunctive relief Plaintiff must establish (1) a substantial likelihood that it will prevail on the merits, (2) a substantial threat that it will suffer irreparable injury without the injunction, (3) that the threatened injury to it outweighs the threatened harm the injunction may do to Defendants, and (4) that granting the injunction will not disserve the public interest. Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974). Defendants argue that Plaintiff has not established a likelihood of success on the merits.[15] To satisfy this element Plaintiff must "present a prima facie case but need not show a certainty of winning." Texas v.

---

[15] Id. at 4.

United States, 328 F. Supp. 3d 662, 710 (S.D. Tex. 2018); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.3 (3d ed. 2013). Plaintiff contends that the Deed of Trust requires that the loan be accelerated before foreclosure can proceed, and that it has shown sufficient likelihood of success on its claim that the foreclosure is barred because the mortgage loan has not been accelerated.[16]

The Deed of Trust requires that the lender must give the borrower notice of default and intent to accelerate; afterwards, if the default is not cured, the lender may "require immediate payment in full of all sums secured by this Security Instrument" — accelerating the loan — and "invoke any remedies permitted by applicable law."[17] Plaintiff argues the most recent controlling notice of acceleration was on February 23, 2018, when Defendants filed a Rule 736 application seeking a state court order permitting foreclosure.[18] On October 15 and November 15, 2018, SPS sent mortgage statements showing that the account could be brought out of default with payments of $321,509.39 and $328,125.57, respectively, though the total due including interest and taxes

---

[16]Plaintiff's Motion, Docket Entry No. 17, p. 4 ¶ 14.

[17]Deed of Trust, Exhibit 2 to Plaintiff's Motion, Docket Entry No. 17-2, p. 6 § 20.

[18]Plaintiff's Motion, Docket Entry No. 17, p. 7; Application For an Expedited Order Under Rule 736 on a Home Equity, Reverse Mortgage, or Home Equity Line of Credit Loan ("Rule 736 Application"), Exhibit 6 to Plaintiff's Motion, Docket Entry No. 17-6, pp. 1-2.

exceeded $750,000.²⁰ These statements effectively abandoned the February 23 acceleration because the amount demanded was lower than the total remaining due.²⁰ See Boren v. U.S. National Bank Association, 807 F.3d 99, 105 (5th Cir. 2015) ("A lender waives its earlier acceleration when it 'put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan.'") (quoting Leonard v. Ocwen Loan Servicing, L.L.C., 616 F. App'x 677, 680 (5th Cir. 2015) (per curiam).

Defendants argue that even if they abandoned the February 2018 acceleration, they re-accelerated the loan on January 13, 2020, when they noticed the foreclosure sale for February 4, 2020.²¹ Effective acceleration of a note with an optional acceleration clause requires (1) notice of intent to accelerate and (2) notice of acceleration. Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001). Defendants have only shown the latter. The only notice of intent in the record is a demand letter sent by SPS on October 21, 2014, declaring the intent to accelerate.²² The Fifth Circuit has held that Texas law requires

---

¹⁹October 2018 Mortgage Statement, Exhibit 7 to Plaintiff's Motion, Docket Entry No. 17-7, p. 1; November 2018 Mortgage Statement, Exhibit 8 to Plaintiff's Motion, Docket Entry No. 17-8, p. 1.

²⁰Plaintiff's Motion, Docket Entry No. 17, p. 7 ¶¶ 28, 29.

²¹Defendants' Response, Docket Entry No. 18, p. 5 ¶ 11.

²²Demand Letter – Notice of Default, Exhibit 5 to Plaintiff's Motion, Docket Entry No. 17-5.

both new notice of intent and new notice of acceleration for a lender to re-accelerate a loan after an abandonment. <u>Wilmington Trust, National Association v. Rob,</u> 891 F.3d 174, 177 (5th Cir. 2018). Because there is no evidence that Defendants gave new notice of intent to accelerate after abandoning its prior acceleration, the court concludes that Plaintiff has sufficiently shown that it is likely they can prove Defendants have not currently satisfied the requirements of Texas law to accelerate and foreclose on the loan.

Citing no authority, Defendants argue Plaintiff cannot rely on the lack of acceleration to obtain an injunction because Plaintiff's Amended Complaint does not allege that the loan is not currently accelerated. But Plaintiff was only required to submit "a short and plain statement of the claim" showing its entitlement to relief in its complaint. Fed. R. Civ. P. 8(a)(2). Plaintiff's Amended Complaint seeks a declaratory judgment and injunction that Defendants may never foreclose on the Property, but no foreclosure sale was pending at that time. Plaintiff was not required to anticipate and plead any possible defect that might arise in Defendants' attempts to foreclose during the pendency of the action. "A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." <u>De Beers Consolidated Mines, Ltd. v. United States,</u> 65 S. Ct. 1130, 1134 (1945). Because Plaintiff seeks a final judgment that would prevent Defendants from

foreclosing on the Property, the court may grant a preliminary injunction against a foreclosure during the pendency of the action even if the basis for the injunction is different than that underlying the Plaintiff's claims.

While Plaintiff has shown Defendants likely have not met the legal requirements for the foreclosure sale on February 4, 2020, Plaintiff has not shown it is likely to prevail on its claim that Defendants' should be enjoined "from interfering with Plaintiff's possession of its Property."[23] The court must narrowly tailor the injunctive remedy to the specifics of the action and law at issue. ODonnell v. Harris County, Texas, 892 F.3d 147, 155 (5th Cir. 2018). While Plaintiff has persuaded the court that it is likely the loan is not currently accelerated under Texas law, Plaintiff has not shown that Defendants cannot re-accelerate it. Accordingly, the court will limit the contemplated injunction to preventing Defendants from selling the Property at the foreclosure sale on February 4, 2020.

Given such a limitation, the remaining factors weigh in favor of temporary injunctive relief. The potential injury to Plaintiff is irreparable because money cannot fully compensate for the loss of a unique piece of real property. See Ayiba v. Wells Fargo Bank, N.A., Civil Action No. H-10-5017, 2011 WL 13248493, at *12 (S.D. Tex. Dec. 5, 2011). This outweighs the potential injury to

---

[23]Plaintiff's Motion, Docket Entry No. 17, "Request for Relief," p. 10.

Defendants — a brief delay in foreclosing on the Property. The final factor of public interest is neutral because the injunction affects only the Plaintiffs and Defendants. <u>Belknap v. Bank of America, N.A.</u>, Civil Action No. G-12-198, 2012 WL 3150271, at *3 (S.D. Tex. August 1, 2012). The court concludes limited preliminary injunctive relief to prohibit the February 4 sale is appropriate.

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). While the court is not enjoining Defendants from foreclosing on the Property after February 4, 2020, Texas law requires a minimum of 21 days' notice before a private foreclosure sale can occur, and sales may only occur on the first Tuesday of a month. Tex. Prop. Code § 51.002(a), (b). The court's order will therefore result in an approximately one-month delay before Defendants may attempt to foreclose on the property again. Plaintiff currently collects $2,500 per month in rent on the Property, and states in its briefing that a bond of $2,500 is appropriate for a delay of one month.[24] $2,500 is sufficient to secure potential injury to Defendants should the injunctive relief later be determined improper.

---

[24]Plaintiff's Reply, Docket Entry No. 19, p. 3.

## III. Conclusion and Order

For the reasons explained above, Plaintiff's Application for Emergency Ex Parte Temporary Restraining Order and Request for Hearing on Preliminary Injunction (Docket Entry No. 17) is **GRANTED IN PART** and **DENIED IN PART.** Defendants CitiBank, N.A., as Trustee, and Select Portfolio Servicing are **ENJOINED** from conducting or proceeding with the foreclosure sale of the property subject to the petition known as 538 Longview Drive, Sugar Land, Texas 77478, on February 4, 2020. Plaintiff will post cash or a corporate surety bond in the amount of $2,500 with the Clerk of the Court.

**SIGNED** at Houston, Texas, on this 3rd day of February, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE